**E-FILED**
Wednesday, 03 June, 2009  09:37:32 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MICHAEL TERRY,
  Plaintiff,


  vs.                          No. 08-1298


ROGER WALKER, et.al.,
  Defendants


## MERIT REVIEW ORDER

This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The plaintiff, Michael Terry, has filed his lawsuit pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated.   The plaintiff has named six defendants including Illinois Department of Corrections Director Roger Walker, Warden Stephen Wright, Warden Acevado, Head Counselor Jeff Sutor, Administrative Review Board Member Sherry Benton and Record Officer Supervisor Amy Eldert.

The plaintiff says he is asking for damages because he says his sentence has not been correctly computed.  The plaintiff says he arrested and charged in two different criminal cases in Champaign County.  He was arrested on April 10, 2005 in Case No. 5 CF 660, Felony Retail Theft and he was arrested on May 12, 2005 in Case No. 05 CF 918 Theft (Prior Theft Conviction).  The plaintiff was sentenced in Case No. 5 CF 660 to three years with credit for 81 days to be served consecutive to two years with credit for 70 days in Case No. 5 CF 918.

The plaintiff says he should have been given credit then for 151 days in custody, but instead received credit for only 71 days.   The plaintiff has attached a variety of documents to his complaint with belie his claim.   *Beam v. IPCO Corp.*, 838 F.2d 242, 244 (7th Cir.1988) (stating that exhibits attached to the complaint are incorporated into the pleading for purposes of Rule 12(b) motions).  The court is "not obliged to ignore any facts set forth in the complaint that undermine the plaintiff's claim..." *R.J.R. Serv., Inc. v. Aetna Cas. & Sur. Co.*, 895 F.2d 279, 281 (7th Cir.1989).

A January 10, 2007, letter from Casework Supervisor Sutor states that the records form the Champaign County Jail indicate the following:

> *The plaintiff was in custody form April 10, 2005 to April 11, 2005 in Case No. 5 CF 660.
> * The plaintiff was in custody from May 12, 2005 to July 20, 2005 in Case No. 5 CF 918.
> * The plaintiff returned to custody in both cases on November 6, 2005 until he was transferred to the Department of Corrections.

"The time from 11-6-05 to the date you entered IDOC cannot be credited against each case separately as this would result in the time being give to you twice." (Comp, Ex. I) Assistant Champaign County States Attorney Julia Reitz explains that when "consecutive sentences are imposed, the defendant is only to receive credit once ...for the actual time served." (Comp, Ex D., p. 1).

The plaintiff has failed to state a claim upon which relief can be granted pursuant to 28 U.S.C. §1915A.

**IT IS THEREFORE ORDERED:**

1) **The plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A.  This case is closed, with the parties to bear their own costs;**

2) **This dismissal shall count as one of the plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g).  The clerk of the court is directed to record the plaintiff's strike in the three-strike log;**

3) **The plaintiff must still pay the full docketing fee of $350.00 even though his case has been dismissed.  The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available.  If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety.  The filing fee collected shall not exceed the statutory filing fee of $350.00.**

4) **The plaintiff is ordered to notify the clerk of the court of a change of address**

**and phone number within seven days of such change.**

5)      **The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

6)      **If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.**

Entered this 2nd day of June, 2009.

**s\Harold A. Baker**

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE